## THE BANK OF WOOSTER *vs.* SPENCER and others.

A creditor's bill in favor of a foreign corporation, verified by the clerk of the complainants' solicitors and attorneys, which clerk had personal knowledge of the facts stated in the bill, is a sufficient verification to retain the injunction.

Upon a motion for a receiver under a creditor's bill, notice being served with the bill, and the judgment and execution being recent, when it does not appear distinctly from the bill that the judgment and execution at law were regular, and there is reason to suspect that there was irregularity in either the judgment or execution, the motion will be denied with liberty to renew the same, after the defendant shall have had an opportunity to move the Supreme Court to set aside the process or judgment for irregularity.

*Hogan & Hatch,* for complainants.

*B L. Bissac,* for defendants.

THE VICE CHANCELLOR. This is a motion for the appointment of a receiver upon a creditor's bill.

The defendant makes several objections.

The bill is sworn to by a person describing himself as agent for the complainants, duly authorised thereto by the complainant's solicitors, who swears that he has read the bill, and that the same is true of his own knowledge, except as to the complainants' having been informed of certain facts, and that in those cases he (the deponant) has been informed of those facts with the remaining part of the usual jurat, and he adds, " And further, during the procee-
" dings in the action in which the said judgment was
" obtained, he was, and still is, a clerk in the office
" of the attorneys of the said plaintiffs therein, had
" personal knowledge of the facts of the obtaining of

" the said judgment, and of the return endorsed upon,   <span>Dec. 1840.</span>
" and the filing in the clerk's office of the said exe-
" cution."

<span>The Bank of<br>Wooster<br>v.<br>Spencer and<br>others.</span>

The defendants object that the bill is not properly
sworn to under the rules and practice of this court.

The 17th rule requires the bill to be verified by
the oath of the complainant, or in case of his ab-
sence from the state, or other sufficient cause shown,
by the oath of his agent, attorney, or solicitor.

In this case it appears from the bill itself, that the
complainants are a foreign corporation.   This is suf-
ficient cause to justify the verification of the bill by
an agent.   It is here verified by a clerk in the office
of the complainants' solicitors.   If this was a bill con-
taining a continued statement of various facts, the
truth of which must be positively varified by the oath
of some one to sustain an injunction.   I should have
no doubt that the vercification by the clerk of the so-
licitors would not be sufficient.   Such facts should
be verified by the persons who have the best know-
ledge of them, and in such case the solicitor might
reasonably be supposed to have the best knowledge ;
and the oath of one of them should be required.   But
this is a creditor's bill, the material allegations of
which consist in the averment of matters of record,
to wit, the recovery and docketting of the judg-
ment—the issuing of the execution—and the return
and filing thereof with the return.   To these facts
a clerk who transacted the business could swear
with as much knowledge as the attorney.   There
are other averments required to be inserted by the
189th rule, to wit, the amount actually due upon the
judgment—the equitable assets of the defendants—
and that the bill is not exhibited by collusion with the
defendants.   A clerk who had been sent to transact

the business would perhaps be as competent and the best witness to the truth of these averments as the attorney, except the last averment, and if the bill was exhibited by collusion with the defendants, they would not be here to oppose this motion. On the whole, I am inclined to think the bill in this cause is sufficiently verified.

Another objection relates to the rendition of the judgment, and the issuing and return of the execution.

The bill does not state when the suit at law was commenced, whether before or after the 1st day of June, 1840 ; but it avers that a judgment was recorded in the Supreme Court on the 13th day of October, in the vacation of July term, 1840 ; that execution was issued on the 14th of October, returnable on the 19th October, 1840. The defendants insist that the judgment was either irregular, being entered in vacation, or if regular, it must have been entered in vacation, under the act concerning costs in courts of law, passed May 14, 1840, and if entered under that act, the execution was irregular, as being issued before thirty days had expired, after the entry of the judgment, and being returnable, less than sixty days after the receipt thereof, by the sheriff.

It does not however follow, that if the suit at law was commenced before the 1st June last, that the judgment is irregular if entered in vacation. There may have been a relicta or other consent to the entry of the judgment. But upon all these points, the papers leave us in the dark. We find here averred, a judgment of co-ordinate jurisdiction, and process issued upon it to enforce it. Unless there is enough

Dec. 1840.

upon the face of the papers, to shew that either the judgment or execution are absolutely void, we must respect them as valid and in force.

But notwithstanding they must be looked upon here as valid, this court as suggested by the Chancellor, in Williams vs. Hogeboom, upon a creditor's bill, when there is reasonable ground to suspect irregularity, may stay the proceedings here, for a sufficient length of time, to give the defendants an opportunity to apply to the Supreme Court for relief. There is certainly enough upon the face of the bill, to create a reasonable doubt as to the regularity of either the judgment or execution. If the suit was commenced after the 1st June, the execution was irregular. If commenced before the 1st June, in the opinion of the Chancellor, the execution was still irregular, and in the opinion of others, the judgment would be irregular. Under these views it seems to me to be proper to delay the application for a receiver at this time without costs, and with liberty to the complainants to renew the application at any time after the next special motion term of the Supreme Court.